■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY FULTON, Appellant.— The People proved the defendant's guilt beyond a reasonable doubt. When read in its entirety, the court's charge on the defense of agency was not misleading and presented to the jury an issue of fact which they resolved in favor of the People. Judgment affirmed. Staley, Jr., J. P., Cooke and Kane, JJ., concur; Sweeney and Simons, JJ., dissent and vote to reverse and order a new trial, in the following memorandum by Simons, J.: The defendant contends that he acted as the buyer's agent in obtaining drugs. If that is so, he cannot be guilty of illegal selling under subdivision 5 of section 220.00 of the Penal Law. (*People* v. *Lindsey*, 16 A D 2d 805, affd. 12 N Y 2d 958; *People* v. *Silverman*, 23 A D 2d 947; *People* v. *Branch*, 13 A D 2d 714.) There was evidence on both sides of the question which presented an issue of fact for the jury. We think the portion of the court's charge excepted to and its supplementary instructions during the jury's deliberations were erroneous and prevented a fair determination of the question. The court charged the jury that before they could find defendant an agent of the police officer, they must find that he was an agent of the buyer "and not the seller" by determining whether or not defendant was under control of the buyer. It continued, "The issue of agency is raised for the jury to consider only if two elements of proof are met: that the defendant was induced to complete the transaction by his purchaser, and that he was under the immediate supervision of the buyer." Obviously, the prosecution had no intention of establishing the "two elements of proof" required and by the language of the charge the burden was necessarily cast on defendant to establish his innocence. Furthermore, the charge and the subsequent instructions to the jury when they requested help on the issue of "supervision and control" mistakenly dwelt on inappropriate civil law concepts of agency and on entrapment, an affirmative defense which was not in the case. Even though requested to do so by defendant's counsel, the court never directed the jury's attention to the critical questions of whether the defendant acted in the transaction for the benefit of himself, the buyer or the seller or in association with the seller. (See *People* v. *Lindsey*, 16 A D 2d 805, affd. 12 N Y 2d 958, *supra*; *People* v. *Silverman*,

25 A D 2d 947, *supra*; *People* v. *Branch*, 13 A D 2d 714, *supra*.) The issue of agency was never properly submitted to the jury. The conviction should be reversed and a new trial granted.